**DE TUAN JIANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 11–2480–ag.

United States Court of Appeals, Second Circuit.

Oct. 10, 2013.

De Tuan Jiang, pro se, New York, N.Y., for Petitioner.

Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Janette L. Allen, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, ROSEMARY S. POOLER, and RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Petitioner De Tuan Jiang, a native and citizen of the People's Republic of China, seeks review of a May 24, 2011, decision of the BIA denying his motion to reopen. *In re De Tuan Jiang*, No. A099 568 354 (B.I.A. May 24, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). Contrary to Jiang's assertion that the BIA applied the wrong standard by requiring him to establish that he would "likely" face persecution, the BIA explicitly applied the appropriate *prima facie* standard, and noted that Jiang failed to submit any evidence that "Chinese authorities are aware, or are likely to become aware, of" his conversion to Catholicism as required to ultimately establish a well-founded fear of persecution under our case law. *See id.* at 168 (recognizing that an alien's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for [relief], which means [ ]he must show a 'realistic chance' that [ ]he will be able to obtain such relief"); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir.2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of

past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."). Jiang's failure to submit such evidence supported the BIA's determination that he failed to demonstrate his *prima facie* eligibility for relief and formed an adequate basis for denying his motion to reopen. *See Hongsheng Leng,* 528 F.3d at 143; *see also INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED.